AMERICAN BANK OF BEATRICE ET AL. V. LANCELOT HAND.

FILED NOVEMBER 9, 1899.   No. 9,045.

1. **Default: TRIAL: ERRONEOUS RULINGS: REVIEW.** Alleged errors in rulings during the trial of a cause, or which are of the sufficiency of the evidence to support the findings and judgment, will not be reviewed in a proceeding in error or appeal by or for a party against whom the judgment was on default.

2. **Joint Assignments of Error.** Joint assignments of error in a petition not good as to all who join must be overruled. See *Levy v. South Omaha Savings Bank*, 57 Nebr., 312, 77 N. W. Rep., 769.

ERROR from the district court of Gage county. Tried below before LETTON, J. *Affirmed.*

*Griggs, Rinaker & Bibb* and *George A. Murphy*, for plaintiff in error.

*Hastings & Sands* and *E. O. Kretsinger, contra.*

HARRISON, C. J.

In this action, commenced in the district court of Gage county, in which the plaintiffs in error were defendants, judgment was rendered in favor of the defendant in error for an amount asserted by him, and adjudged by the court, to be his due from the adverse parties. The bank, a plaintiff in error, failed to plead, and the judgment against it was on default. All parties against whom there was judgment, inclusive of the bank, have joined in a petition in error; and, in the argument before this court, the questions raised relate to no matter except alleged errors of occurrence during the trial of the cause, and the sufficiency of the evidence to sustain the findings and judgment, none of which are subject to review in a proceeding in error on behalf of a party against whom the judgment was on default. A consequence of this is the petition in error must be overruled as to the bank, and, not being good as to one who joins

as a party, it fails, and must be overruled as to all. See *Levy v. South Omaha Savings Bank*, 57 Nebr., 312, 77 N. W. Rep., 769, and cases cited therein. That a judgment on default will not be reviewed in relation to the questions herein urged, see *Troup v. Horbach*, 53 Nebr., 795, 74 N. W. Rep., 326; 6 Ency. Pl. & Pr., 223. The judgment is

AFFIRMED.